# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DORIS LUJAN a/k/a DORIS FELIX-LUJAN,
et al.,

       Plaintiffs,

      v.                                                   No. CV 08-1125 WJ/DJS

COUNTY OF BERNALILLO,
et al,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING REQUEST FOR ATTORNEY'S FEES

THIS MATTER comes before the Court upon Defendants' Motion for Taxation of Costs and Attorney's Fees, filed July 6, 2010 (**Doc. 58**).[1] Having considered the parties' briefs and the applicable law, I find that Defendant's motion is not well-taken and shall be denied.

### Background

In this civil rights case, Plaintiff alleged Fourth Amendment violations under 42 U.S.C. § 1983, and a claim of malicious prosecution under the New Mexico Tort Claims Act. On June 7, 2010, the Court entered judgment in favor of the Defendants, dismissing with prejudice all of the Plaintiffs' federal and state law claims. Doc. 44. Specifically, the Court found that Plaintiff had not put forth sufficient evidence to maintain any of their claims and added:

> Plaintiffs' counsel filed suit on behalf of these same Plaintiffs in the District of New Mexico a year ago in a case arising out of a different (but eerily similar) search by police. In that case, the district judge had granted summary judgment

---

[1] In the instant motion, Defendant seeks costs pursuant to 28 U.S.C. § 1920 and D.N.M.LR Civ. 54.2, as well as attorney's fees. The request for costs will be addressed separately by the Clerk.

> to the defendants due to the serious legal omissions and errors by Plaintiffs' counsel.  On appeal, the Tenth Circuit affirmed. Because Plaintiffs' counsel's arguments in this case are identical to those contained in his earlier case, this Court ORDERS Plaintiffs' counsel to SHOW CAUSE why he should not be sanctioned for needless and vexatiously multiplying the proceedings in this case

Doc. 44 at 2 (emphasis supplied in original).  Counsel for both sides were given the opportunity to submit additional evidence or argument concerning the imposition of sanctions upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1927.[2]  In the instant motion, Defendants seek attorney's fees pursuant to 42 U.S.C. § 1988.

## Discussion

42 U.S.C. §1988(b) provides that in federal civil rights actions "the court, in it discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." §42 U.S.C.  1988(b); *Phelps v. Hamilton*, 120 F.3d 1126, 1129 (10th Cir. 1997).  A litigant is a prevailing party "if [he] succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  Section 1988 provides that a prevailing plaintiff "ordinarily recover an attorney's fee unless special circumstances would render such an award unjust. *Id*.  However, the standard for a prevailing defendant is more stringent.  A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) ("[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.") (cited in *Hensley*, 461 U.S. at 429 n.2 (1983)); *see also*

---

[2] The Court will set a show cause hearing in the near future.

*Houston v. Norton*, 215 F.3d 1172, 1174-75 (10th Cir. 2000) (clarifying standard to be applied in assessing attorney's fees against pro se plaintiff in a § 1983 civil rights action, applying standard set out in *Christiansburg*). The Tenth Circuit has noted that the *Christiansburg* standard is a difficult one to meet, "to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1203 (10th Cir. 2000). The Court's granting of summary judgment in favor of Defendants "does not automatically meet this stringent standard." *Id*. (citation omitted).

In the present case, the Defendants could be considered the "prevailing party" in the sense that they succeeded in their defense on the issues litigated by the Plaintiffs, and the Plaintiffs ultimately lost. However, the fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees. *Houston*, 215 F.3d at 1174 -1175. A plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. . . ." *Id*.

Thus, the question under the *Christiansburg* standard is whether Plaintiffs' case was sufficiently frivolous to justify imposing attorney's fees on Plaintiffs? The Court finds that it was not. A distinction needs to be made between the Court's findings in its Memorandum Opinion and Order ("Order") granting summary judgment to Defendants, and the findings that are required for an award of fees under the *Christiansburg* standard. In that Order, there were no findings by the Court that Plaintiffs' case was frivolous or meritless, nor was it dismissed on that basis. Instead, the case was dismissed for lack of evidence presented by Plaintiff to withstand Defendants' motion for summary judgment. Plaintiffs' counsel failed to do what he needed to do to obtain the evidence and adequately litigate the case. On pages 14-16 of the Order, the

Court listed the specific omissions and errors committed by Plaintiffs' counsel which warranted summary judgment for Defendants, and there is no reason to repeat them here. The Court determined that these counsel's omissions and errors were substantial enough to consider the imposition of sanctions because he repeated legal errors which were identified by another judge (and acknowledged by the Tenth Circuit in its affirmance) in an earlier case which was almost identical. However, none of the Court's findings concerning Plaintiffs' counsel's conduct reflected a determination by the Court that the lawsuit itself was meritless or frivolous. In fact, the Court expressly stated the possibility that Plaintiffs' claims may have merit:

> In either case, the conduct of Plaintiffs' counsel is inexcusable and suggests to the Court one of two scenarios. First, the individual Plaintiffs may have legitimate claims against Defendants, in which case their counsels' inept handling of this case has cost them their day in court. Second, Plaintiffs' claims may have no merit and this case is simply a way to harass the Defendants.

Doc. 44 at 16 (emphasis added). Thus, Defendants have not met the stringent *Christiansburg* standard required to award them attorney's fees.

The Court emphasizes that denying Defendants' request for attorney's fees has no bearing on whether Plaintiffs' counsel should be sanctioned for the conduct specifically identified in the Court's Order and which formed the basis for its ruling. In a similar vein, to the extent that Plaintiffs' response to the instant motion defends that conduct, the Court notes that such argument played no role in the Court's determination herein regarding an award of attorney's fees to Defendants under § 1988.[3] The objective behind sanctions imposed under § 1927 sanctions is to "deter frivolous and abusive litigation." There is no requirement – as there

---

[3] As Plaintiffs note, Defendants could have sought sanctions under 28 U.S.C. § 1927 when given the opportunity to do so by the Court, but deferred to the Court judgment on the issue. *See* Doc. 44 at 18 and Doc. 47.

4

is under the strict *Christiansburg* standard – that the claims being litigated are themselves found to be either frivolous or meritless.

Accordingly, Defendants' request for attorney's fees is denied, because the Court's dismissal of this case was not based on findings that Plaintiffs' case was meritless or frivolous. Without such findings, Defendants cannot be considered to be "prevailing parties" under the *Christiansburg* standard.[4]

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Taxation of Costs and Attorney's Fees **(Doc. 58)** is hereby DENIED in that Defendant's request for attorney's fees is denied for reasons described in this Memorandum Opinion and Order.

UNITED STATES DISTRICT JUDGE

---

[4] Section 1927 authorizes the Court to require an attorney to pay the costs, expenses, and attorney's fees "reasonably incurred by a party as a result of unreasonable or vexatious multiplication of court proceedings." Thus, as a practical matter, if the Court eventually imposes sanctions on Plaintiffs' counsel under § 1972, Defendants would be awarded attorney's fees on that basis. Had the Court found that Defendants were entitled to attorney's fees under § 1988, then that award would have affected what Defendants could have received in the way of fees if sanctions were imposed under § 1927. In other words, Defendants would not be entitled to a double award of attorney's fees.